C. C. AND CLARA EVERHART, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1127–72.    Filed December 3, 1973.

*Perry Shields*, for the petitioners.
*Robert B. Nadler*, for the respondent.

### OPINION

IRWIN, *Judge:* Respondent determined a deficiency of $1,356.93 in the income tax of petitioners for the calendar year 1968. The sole issue for our determination is whether a sewage disposal system purchased and installed underground by petitioners qualified as "section 38 property"[1] eligible for the investment credit.[2]

All of the facts have been stipulated, and the stipulation of facts, together with the exhibits attached thereto, are found accordingly.

Petitioners C. C. Everhart and Clara Everhart, husband and wife, resided in Mosheim, Tenn., at the time of the filing of the petition herein. For the taxable year 1968 they filed their joint Federal income tax return with the Southeast Service Center, Chamblee, Ga.

During 1968 and for several years prior thereto, petitioners owned a small shopping center located in Mosheim, Tenn. The shopping center consisted of two buildings, one of which contained a laundromat and a restaurant, and the other a grocery store, a barber shop, and a beauty shop.

During this period petitioners owned and operated the grocery business. A partnership in which petitioner C. C. Everhart held a 50-percent interest leased the laundromat from petitioners. The remaining stores were leased to other parties. Petitioners reported the rental income received from the leases on their joint income tax returns.

Prior to 1968, the sewage generated by the shopping center, with the exception of the laundromat water, was handled by several septic tanks. The laundromat water was dumped into an open ditch. In 1968 the Greene County Department of Health advised petitioners that the emptying of untreated sewage into an open ditch constituted a health hazard and that an adequate sewage system would be required to elimi-

---

[1] All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue.

[2] Petitioners have conceded that the incinerator purchased by them did not qualify as sec. 38 property.

nate the pollution problem. As a result, petitioners engaged an engineering firm (John Coleman Hayes, Jr. & Associates, Nashville, Tenn.) to design a sewage treatment facility to treat the sewage generated not only by the laundromat, but also that of the entire shopping center and petitioners' nearby residence.

Pursuant to the approved plan, a complete sewage disposal system was installed at the shopping center. The basic element of the system was a sewage treatment unit developed by AER-O-FLO Corp., Florence, Ky. (Model No. S-60-33-3). The unit consisted of a prefabricated 8,877-pound steel tank measuring 8 feet wide, 12 feet long, and 9 feet high, designed to handle 6,000 gallons of sewage per day. Sewage would be pumped into the tank at one end, chemically processed within the tank in a process known as an "activated sludge" operation, and then discharged at the other end of the tank as a nonpollutant. All of the components of the system were contained within the tank with the exception of a wall extension of 2 feet which was welded to the tank and certain pumps, blowers, and electrical controls located in two metal housings which were mounted on the top of the tank.

The tank was transported by truck to the installation site located approximately 40 feet from the building containing the restaurant and laundromat and approximately 160 feet from the other building, and was installed by a contractor. The installation consisted of excavation of an area large enough to contain the tank, at the bottom of which a concrete foundation pad was laid. The tank was lowered into the site and anchored to the foundation pad with turnbuckles. The site was then refilled so that the entire tank, with the exception of the pump housings and a chlorinator, was underground. A chain link fence was constructed to enclose the area. Underground pipes ran from the shopping center's two buildings and from petitioners' residence to the sewage unit.

The total cost for the sewage disposal system was $17,497.75, of which $10,225.54 represented the actual cost of the unit and all its components; $1,700 represented the fee paid to the engineering firm; and $5,572.21 represented the amount paid to the contractor for the installation of the system.

Petitioners did not charge their tenants for the sewage services and there were no meters to register the amount of sewage flowing from the separate businesses.

On their 1968 joint income tax return petitioners claimed a qualified investment of $19,384.76, based on the total cost of the sewage disposal system and the cost of an incinerator ($1,887.01) also purchased by them during 1968. Petitioners have conceded that the incinerator is not entitled to the investment credit and this expenditure is no longer in controversy.

Section 48(a)(1) defines "section 38 property" as follows:

**330**

(a) SECTION 38 PROPERTY.—

(1) IN GENERAL.—Except as provided in this subsection, the term "section 38 property" means—

(A) tangible personal property, or

(B) other tangible property (not including a building and its structural components) but only if such property—

(i) is used as an integral part of manufacturing, production, or extraction, or of furnishing transportation, communications, electrical energy, gas, water, or sewage disposal services, or

(ii) constitutes a research or storage facility used in connection with any of the activities referred to in clause (i), or

(C) elevators and escalators, but only if—

(i) the construction, reconstruction, or erection of the elevator or escalator is completed by the taxpayer after June 30, 1963, or

(ii) the elevator or escalator is acquired after June 30, 1963, and the original use of such elevator or escalator commences with the taxpayer and commences after such date.

Such term includes only property with respect to which depreciation (or amortization in lieu of depreciation) is allowable and having a useful life (determined as of the time such property is placed in service) of 4 years or more.

The sole issue presented for our determination is whether the sewage disposal system is "tangible personal property." Petitioners do not contend that the system qualifies as "other tangible property" under section 48(a)(1)(B) and we find as a matter of law that the system does not so qualify. See *Frank J. Evans*, 48 T.C. 704 (1967), affirmed per curiam 413 F. 2d 1047 (C.A. 9, 1969).

Tangible personal property is defined in section 1.48–1(c), Income Tax Regs., as follows:

For purposes of this section, the term "tangible personal property" means any tangible property except land and improvements thereto, such as buildings or other inherently permanent structures (including items which are structural components of such buildings or structures). Thus, buildings, swimming pools, paved parking areas, wharves and docks, bridges, and fences are not tangible personal property. Tangible personal property includes all property (other than structural components) which is contained in or attached to a building. Thus, such property as production machinery, printing presses, transportation and office equipment, refrigerators, grocery counters, testing equipment, display racks and shelves, and neon and other signs, which is contained in or attached to a building constitutes tangible personal property for purposes of the credit allowed by section 38. Further, all property which is in the nature of machinery (other than structural components of a building or other inherently permanent structure) shall be considered tangible personal property even though located outside a building. Thus, for example, a gasoline pump, hydraulic car lift, or automatic vending machine, although annexed to the ground, shall be considered tangible personal property.

It is clear that this system is tangible property; the only issue is whether or not it is personal property. Whether property is classified as personal depends upon the fashion in which it is affixed to the land and how permanently it is designed to remain in place. *Beverly*

*R. Roberts*, 60 T.C. 861 (1973). While we are cognizant of the fact that the term personal property is not to be narrowly construed,[3] we are of the opinion that even with a broad interpretation of the term we still must find that this sewage disposal system is not "tangible personal property."

Despite the fact that the system is a self-contained, prefabricated unit, we find it to be an inherently permanent structure. While it is true that the tank may be removed, we do not believe that movability per se determines whether property is personal or not. We are of the opinion that for all intents and purposes this system was a permanent structure. Petitioners excavated an area for the tank and put in a concrete foundation. The tank was then lowered into the excavation and anchored to the foundation. After connecting the sewage pipes the excavation was refilled and the area was enclosed by a chain link fence. We do not find petitioners' analogy to a gasoline pump persuasive. A gasoline pump is an item of machinery and is neither inherently permanent nor a structural component of any building.

In addition we find this system to be a structural component of the shopping center even though not directly attached to the buildings. The system and its components are necessary to the operation and maintenance of the buildings. See section 1.48-1(e)(2), Income Tax Regs., where the term "structural components" is defined to include "components relating to the operation or maintenance of a building."

We also find that the system is not accessorial to the laundromat. While the system was installed because of the pollution caused by the laundromat, the system was designed for the entire shopping center and not just for the laundromat. We do not believe that Rev. Rul. 66-329, 1966-2 C.B. 16, gives petitioners any assistance.

Finally, we note that the term "section 38 property" includes only property with respect to which depreciation is allowable. In this instance petitioners have utilized the sewage disposal system not only for their shopping center but also for their personal residence. Depreciation would not be allowable to the extent the system is used for their personal residence. See section 167 and the regulations thereunder. Even assuming that the system otherwise qualifies as "section 38 property," only a proportionate part of such property would qualify. Sec. 1.48-1(b)(2), Income Tax Regs. No allocation in this instance has been attempted. Petitioners, in order to avail themselves of the statute, must prove all elements required by statute, as they must bear the burden of proof. See Rule 32, Tax Court Rules of Practice. This burden has not been carried.

*Decision will be entered for the respondent.*

---

[3] See S. Rept. No. 1881, 87th Cong., 2d Sess., 1962-3 C.B. 722, 859.