JOE O. MILLER and DEBRA MILLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Miller v. Commissioner
Docket No. 38852-87
United States Tax Court
T.C. Memo 1989-66; 1989 Tax Ct. Memo LEXIS 66; 56 T.C.M. (CCH) 1242; T.C.M. (RIA) 89066; February 14, 1989
Joe O. Miller, pro se. Richard T. Cummings, for the respondent. COUVILLION
MEMORANDUM OPINION COUVILLION, Special Trial Judge: This case was heard pursuant to section 7443A(b) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1]
*68 Respondent determined deficiencies in Federal income taxes of $ 312, $ 179, and $ 668, respectively, for petitioners' 1981, 1984, and 1985 tax years. The issues are: (1) Petitioners' entitlement to an investment tax credit for the cost of a sewage disposal system; and (2) whether the sewage system and certain fixtures and improvements in a dental office building constitute 5-year or 15-year properties for depreciation purposes. Petitioners conceded all other adjustments in the notice of deficiency. Petitioners are husband and wife and resided at Dripping Springs, Texas, at the time their petition was filed. Joe O. Miller (petitioner) is a dentist. After serving in the United States Air Force, he decided to practice dentistry at Dripping Springs. He and his wife purchased a home in that area in late 1983 and renovated an existing detached garage for petitioner's dental office. The work was undertaken in late 1983 and completed in early 1984. The sewage system which serviced the house and lot was not adequate and probably violated existing county health standards. As part of the garage renovation, petitioners, at a cost of $ 5,920, had a new sewage system designed to service *69 their home and the dental office which would satisfy county health regulations. The system consisted of two septic tanks of 1,000- and 500-gallon capacities, which were imbedded on the premises and were equipped with the necessary pumps to discharge the effluent and included alarms in case of overflow. The office renovation work consisted of increasing the size of the garage from 420 square feet to approximately 800 square feet and included construction of walls and other interior work such as cabinets, shelves, and other furnishings. The contract price for this work was $ 36,800. The sewage system and office renovation were completed and paid for during 1984. On their 1984 Federal income tax return, petitioners claimed an investment credit of $ 592 for the sewage system. Since petitioners had no taxable income that year, the credit was carried back to 1981. On audit, respondent disallowed the credit but allowed a credit (and carryback to 1981) for dental equipment petitioners purchased in 1984, which had not been claimed on their 1984 return. Thus, the net credit disallowed was $ 312, reflecting the determined deficiency for 1981. On their 1984 return, petitioners classified *70 the sewage system as five-year property for depreciation purposes. Respondent determined the system was 15-year real property and accordingly adjusted the depreciation for 1984 and 1985. With respect to the dental office, of the $ 36,800 expended for renovation, petitioners claimed $ 24,000 as costs for furniture, furnishings, and other attachments, which they also classified as five-year property for depreciation purposes. Respondent determined these properties were 15-year real properties and adjusted the 1984 and 1985 depreciation claimed on these items. With respect to the investment credit for the sewage system, section 38 allows a tax credit for investment in certain "tangible personal property." See section 48(a)(1)(A). The term "tangible personal property" is defined in section 1.48-1(c), Income Tax Regs., as "any tangible property except land and improvements thereto, such as buildings or other inherently permanent structures (including items which are structural components of such buildings or structures). Thus, buildings, swimming pools, paved parking *71 areas, wharves and docks, bridges, and fences are not tangible personal property." Petitioners argued the sewage system was not a structural component of their real estate or an inherently permanent structure, because the system could be removed, cost-effectively, and relocated for use elsewhere. In Everhart v. Commissioner,61 T.C. 328 (1973), this Court held that a sewage disposal system for a shopping center was not "tangible personal property." The Court noted that, even though the septic tanks could be removed, for all intents and purposes, by the very nature of the system, it was a permanent structure. "Whether property is classified as personal depends on the fashion in which it is affixed to the land and how permanently it is designed to remain in place." Everhart v. Commissioner, supra at 330. The Court here finds that petitioners' sewage system was not tangible personal property. Moreover, to the extent the system was used for petitioners' personal benefit, the investment credit was not allowable. Section 262; section 48(a)(1); section 1.48-1(b)(2), Income Tax Regs. *72 Respondent, therefore, is sustained on this issue. As to whether the sewage system constituted 5-year or 15-year property, Congress, in the Economic Recovery Tax Act of 1981 (ERTA), Pub. L. 97-34, 95 Stat. 172, liberalized in several respects the depreciation allowance under section 168 by introducing the Accelerated Cost Recovery System (ACRS). Under ACRS, depreciable property, referred to as "recovery property" is classified as 3-year, 5-year, 10-year, 15-year real property, or 15-year public utility property. Section 168(c). To the extent petitioners made use of the system for their residence, such use and the depreciation allocable thereto constituted a personal, living, or family expense and was not deductible under section 168(c)(1). See section 262. To the extent the facility was used in petitioner's dental practice, section 168(c)(2)(B) and (D) determine whether the system constituted 5-year or 15-year real property. Section 168(c)(2)(B) defines five-year property as "section 1245 class *73 property and which is not 3-year property, 10-year property, or 15-year public utility property." Section 168(c)(2)(D) defines 15-year real property as "section 1250 class property which does not have a present class life of 12.5 years or less." We think "section 1250 class property" should be defined by reference to section 1250(c), which provides in relevant part that "the term 'section 1250 property' means any real property * * * which is or has been property of a character subject to the allowance for depreciation * * *." (Emphasis added.) Having determined that the sewage system was an inherently permanent structure, it follows from section 1250(c) that the sewage system was "real property" and, therefore, section 1250 class property. As such, the system was 15-year real property under section 168(c)(2)(D) for ACRS purposes. Petitioners contended that the City of Dripping Springs, Texas, was in process of planning construction of a municipal sewage system, which would be completed within five years from the date they installed their system and, since they would be required to connect to the municipal system, their private system would be rendered obsolete. Although the *74 Court has some difficulty in accepting petitioners' obsolescence argument in view of their contention in the preceding discussion that the sewage system could be cost-effectively removed and relocated, there is nevertheless no provision in section 168 allowing depreciation based on the expected obsolescence of the property at the time the property is placed in service. Section 168(b)(3) allows a taxpayer to elect an extended recovery period for depreciation of property; however, those periods are alternative set periods which are not based on useful life or expected obsolescence. The extended recovery provisions of section 168(b)(3) are not applicable here, since petitioners did not elect the benefits of that provision and, even if they had elected such provision, obsolescence could not have been used in determining the recovery period. Respondent, therefore, is sustained in classifying the sewage system as 15-year real property. In their construction contract for renovation of the garage, petitioners claimed $ 24,000 of the $ 36,800 contract as the cost of cabinets, benches, shelves, and other attachments. For ACRS purposes, these properties were classified as five-year properties, *75 which respondent reclassified as 15-year real properties. The Court notes, for the record, that petitioners really did no justice to themselves on this issue. Petitioner had no documentation at trial listing the various assets which made up the $ 24,000, even though at the time of the renovation petitioners employed a certified public accountant who assisted them in determining their depreciable assets and in preparing their income tax return for 1984. The accountant was not called as a witness at trial, and the only listing petitioner presented of the items making up the $ 24,000 was a handwritten list he prepared which contained what was obviously estimated amounts for each category of assets. At that, the list submitted totaled only $ 12,570, and petitioner candidly testified he had no explanation for the lack of further information to arrive at the $ 24,000 reported on their return. Petitioner, however, presented numerous photographs of the interior and exterior of his dental office from which the Court is satisfied that certain amounts were spent for certain assets in his office. However, the Court is not prepared to find that petitioners expended $ 24,000, as claimed, *76 or that the costs on the list presented by petitioner represented the actual or allocable costs for the assets described. The Court is satisfied and finds that some of the items on petitioner's list were not structural components or inherently permanent attachments to the building, and therefore qualify as five-year properties under section 168. With respect to the cost for these items, the Court exercises its available prerogative under Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), and determines the bases upon which petitioners are entitled to depreciation under ACRS as five-year properties. These items and amounts are: (1) Cabinets:
Waiting Room
Laboratory
Hallway bookshelf
Filing cabinet
Bathroom cabinet
$ 2,500.00
(2) Benches:
Waiting Room
Laboratory bench and table
Treatment room - 2 benches
X-ray bench
$   750.00
Accordingly, petitioners are sustained in their treatment of the above items as five-year properties. With respect to the other items, petitioners have not sustained their burden of proof. Some of the items were admittedly not part of the $ 36,800 renovation contract, and petitioners *77 submitted no independent evidence of their purchase and cost. Others clearly were structural components of the building, such as, for example, carpeting and air conditioning. Other items were not sufficiently described to determine whether they were or were not structural components of the building. Respondent's determination, therefore, is sustained as to such other items. Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩